[No. 12290. Department Two. May 12, 1915.]

MARY BURKE, *Respondent*, v. THE CITY OF SEATTLE,
*Appellant*.[1]

WITNESSES—IMPEACHMENT—FORMER TESTIMONY — EFFECT. In an action to recover damages for personal injuries due to the negligence of the city in permitting a cross-walk on one of its streets to be in a dangerous and unsafe condition, the fact that, in another action by the plaintiff for injuries subsequently suffered through the negligence of a street car company, her testimony as to the extent of her injuries was different from that in the present action, merely affects her credibility, and would not overcome the findings of the trial court in her favor, where there was sufficient evidence as to the unsafe condition of the cross-walk and as to the extent of plaintiff's injuries.

DAMAGES—EXCESSIVE DAMAGES—INJURIES TO ARM AND WRIST. In a personal injury case, where the court finds that plaintiff's body was severely bruised, that she suffered a colles fracture of the right arm, and that there was a permanent injury to her wrist, a judgment for $900 for the injuries, and their attendant inconvenience, pain and suffering, was not excessive.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered June 23, 1913, upon findings in favor of the plaintiff, in an action for personal injuries sustained in a fall upon a sidewalk, tried to the court. Affirmed.

[1]Reported in 148 Pac. 574.

*James E. Bradford* and *Melvin S. Good*, for appellant.

*Chas. E. McAvoy*, for respondent.

MAIN, J.—This action was brought against the defendant city to recover damages for personal injuries alleged to be due to the negligence of the city in permitting a crosswalk to be and remain in a dangerous and unsafe condition. After the issues were framed, the cause was tried to the court without a jury. A judgment was entered in favor of the plaintiff in the sum of $900. The defendant appeals.

The trial court found: That on and prior to the 17th day of September, 1911, the city of Seattle negligently permitted a cross-walk at the northeast corner of the intersection of Woodlawn avenue and east 70th street to be and remain in a dangerous and unsafe condition; that at this point, the crossing or cross-walk over which pedestrians were required and accustomed to travel was left in an unsafe and unfinished condition, and three boards or planks about two inches by twelve inches by fourteen feet were placed and allowed to remain crosswise upon the cross-walk in a loose, unfastened and uneven condition; that at the intersection of east 70th street and Woodlawn avenue, a telephone or electric light pole was so placed that at night the shadow produced by the pole obstructed the light on the opposite side of the street, and cast upon the planks or obstructions above mentioned a shadow in such a manner that the obstructions could not be observed by pedestrians passing along and over the cross-walk.

That on the 17th day of September, 1911, at the hour of about 9:30 o'clock p. m., while the respondent was walking in an easterly direction along east 70th street on the usual route to her home from the car line on which she usually rode in going to and from the downtown section of the city, at the intersection of Woodlawn avenue and east 70th street, the respondent stumbled and fell over and upon the planks and obstructions above mentioned; that the accident was due

to the carelessness and negligence of the appellant and was without fault on the part of the respondent; that as the result of the accident, the respondent's body was severely bruised and the bones in her right arm were broken, and she suffered what is known as a colles fracture of the right arm; and that there was a permanent injury to the wrist.

The appellant's brief contains many assignments of error; but in the argument these are all grouped under one general head to the effect that the findings of the trial court are not supported by the evidence. The appellant's principal reliance in seeking to overcome the findings is placed upon the testimony which the respondent gave in an action prior to the trial of this action, wherein she was suing the Puget Sound Traction, Light & Power Company for damages for an injury received subsequent to the injuries here complained of. It is claimed that her testimony in that action, and in the present action, as to the extent of her injuries is inharmonious. Assuming that, in the action against the Puget Sound Traction, Light & Power Company, the testimony of the respondent as to the extent of her injuries was different from that in the present action, this would go to her credibility. In this case, aside from the respondent's own testimony, there was evidence of the surgeon who reduced the fracture, as to the extent of her injuries. There was also evidence, aside from the evidence of the respondent herself, as to the condition of the cross-walk. In fact, it does not seem to be seriously contended that the city was not negligent.

But the principal claim of the appellant is that the judgment awarded by the trial court is excessive. We think this contention cannot be sustained. A judgment for $900 for the injuries complained of and their attendant inconvenience, pain, and suffering, is not excessive.

The judgment will be affirmed.

Morris, C. J., Crow, Ellis, and Fullerton, JJ., concur.